IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
NOV 2 7 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA )
 )
v. ) Criminal No. 3:16CR64–HEH
 )
ELBRENDEL EDWARDS, )
 )
 Petitioner. )

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Elbrendel Edwards, a federal inmate proceeding *pro se*, submitted this motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion,"

ECF No. 27).[1] Edwards contends that he experienced ineffective assistance of counsel[2]

and demands relief on the following grounds:[3]

| | |
|---|---|
| Claim One: | "Counsel [was] ineffective for not challenging the Government's case in an adversarial meaningful testing. *Strickland v. Washington*, 466 U.S. 688, 690 (1984)." (§ 2255 Mot. 4.) |
| Claim Two: | "Counsel [was] ineffective for not suppressing [the] Government's non-existent evidence to support enhancement at sentencing. *See Johnson v. United States*, 135 S. Ct. 2551 (2017) . . . ." (*Id.*) |

---

[1] ECF No. 33 appears to be a second copy of the § 2255 Motion. Out of an abundance of caution, the Court directed the Government to respond to this second motion as well. (ECF No. 34.) The Government confirms that this second motion is identical (Resp. 15, ECF No. 35) except that in his second motion he adds a request for an "ORDER TO SHOW CAUSE BE ISSUED" because he believed the Government's response was untimely. (*See* ECF No. 33, at 9.) The Government's response was timely filed, and the Order to Show Cause (ECF No. 33) will be denied.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] The Court corrects the capitalization, spelling, punctuation, and spacing in quotations from Edwards's submissions.

| | |
|---|---|
| Claim Three: | "Counsel [was] ineffective for not challenging sentence enhancement for Armed Career Criminal Act for predicate[] offenses." (*Id.* (citations omitted).) |
| Claim Four: | "Counsel [was] ineffective for not objecting to specific predicate[] offenses that did or did not qualify Petitioner for enhancements to his present cause." (*Id.* (citations omitted).) |
| Claim Five: | "Counsel [was] ineffective for not protecting Petitioner's 4th Amendment right to the Constitution [in] that the procedure for Indictment was defective in Petitioner's present case." (*Id.* at 5.) |
| Claim Six: | "Counsel[] fail[ed] to familiarize herself with the case, review [and] investigate facts concerning case, or review police, lab reports and forensic evidence [of] drugs in conjunction with the crime." (*Id.* (citations omitted).) |
| Claim Seven: | "Counsel [was] ineffective for having too many cumulative errors." (*Id.* (citations omitted).) |
| Claim Eight: | "Counsel [was] ineffective for not protecting Petitioner's overall rights to the Constitution of his 4th, 5th, 6th, 8th, 13th, and 14th Amendment rights that are and were placed in jeopardy." (*Id.* (citations omitted).) |
| Claim Nine: | "Counsel [was] ineffective for not raising crucial argument for Petitioner not being enhanced based on the assumption of non-qualifying predicate[] offenses." (*Id.* (citations omitted).) |
| Claim Ten: | "Counsel's failure to produce expert drug analysis witness in conjunction with sentencing phase of the court proceedings to protect Petitioner against harsher sentence about quantity and quality of drugs." (*Id.* (citations omitted).) |

The Government has responded, asserting that Edwards's claims lack merit. (ECF No. 35.) Edwards filed a reply. (ECF No. 37.) For the reasons set forth below, Edwards's § 2255 Motion (ECF No. 27) will be denied.

# I. PROCEDURAL HISTORY

## A. Indictment and Guilty Plea

On May 17, 2016, a grand jury charged Edwards with one count of conspiracy to

distribute one kilogram or more of heroin (Count One), one count of possession with the

intent to distribute 100 grams or more of heroin (Count Two), and possession of firearms

and ammunition by a convicted felon (Count Three). (Indictment 1–2, ECF No. 8.) On

July 22, 2016, Edwards pled guilty to Counts Two and Three, and the Government

agreed to dismiss Count One. (Plea Agreement ¶¶ 1, 10, ECF No. 14.) In the Plea

Agreement,

> [t]he government and the defendant agree[d] to recommend to the Court a specific sentence on Counts Two and Three as charged in the Criminal Indictment, to wit: a term of 30 years of imprisonment, consisting of 30 years on Count Two, and 10 years on Count Three, which sentence is to run concurrent with the sentence that is imposed on Count Two (unless the defendant qualifies in Count Three for a sentence pursuant to the Armed Career Criminal Act in which case the parties agree to recommend to the Court a sentence of 30 years on Count Three to run concurrent with the sentence imposed in Count Two) . . . .

(*Id.* ¶ 5.)

In the Statement of Facts accompanying his Plea Agreement, Edwards agreed that

"had this matter proceeded to trial, the United States would have proven each of the

following facts set forth herein beyond a reasonable doubt":

> 1. On or about April 18, 2016, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, the defendant, ELBRENDEL EDWARDS, did knowingly, intentionally, and unlawfully possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), and he did possess firearms and ammunition, to wit: a Raven Arms .25 caliber handgun; a Taurus .22 caliber revolver; a Smith

3

and Wesson 9 mm semi-automatic pistol; and assorted ammunition after having been convicted of a crime punishable by a term of imprisonment exceeding one year in violation of Title 18, United States Code, Section 922(g)(1).

2.     In early 2016, law enforcement officers became aware of drug trafficking activities involving ELBRENDEL EDWARDS and others. According to information received, EDWARDS was purchasing heroin and cocaine in the New York metropolitan area and redistributing these narcotics in the central Virginia area.

3.     On March 22, 2016, a controlled purchase of heroin was made from EDWARDS utilizing a confidential source. EDWARDS was observed leaving 2714 Alexander Avenue, Richmond, Virginia prior to the controlled purchase of heroin, and was later observed returning to that location and entering the residence. Edwards was observed entering this same residence a few days later while using a key to unlock the front door.

4.     On April 14, 2016, a controlled purchase of heroin was made from EDWARDS utilizing a confidential source. Prior to this sale, EDWARDS was at 1312 Evert Avenue, Richmond, Virginia.

5.     On April 14, 2016, an individual was arrested by Virginia State Police for distribution of heroin. This individual admitted to selling heroin, and identified EDWARDS as the source of supply for the heroin he/she was distributing.

6.     On April 17, 2016, GPS data indicated that EDWARDS left the New York City area and returned to Richmond, Virginia. Upon returning to Richmond, EDWARDS stopped at both the 2714 Alexander Avenue and 1312 Evert Avenue addresses.

7.     Based upon law enforcement's investigation into EDWARD's heroin trafficking activities, search warrants were sought and obtained for the Alexander Avenue and the Evert Avenue addresses. Prior to executing the search warrant for 2714 Alexander Avenue, law enforcement observed Edwards exit the residence, get into a 2016 Chevrolet Traverse, and leave the area. Shortly thereafter, EDWARDS was observed meeting up with a white male for about 40 seconds before driving to 1312 Evert Avenue.

8.     EDWARDS was stopped by law enforcement after he left 1312 Every Avenue. The Chevrolet Traverse had an odor of marijuana inside the vehicle. EDWARDS was arrested and a search incident to arrest resulted in the recovery of a knotted plastic bag containing 34 individually knotted bags containing suspected cocaine base, commonly known as "crack," as well as 6 individually knotted bags containing suspected heroin. These items were removed from EDWARD's person. A quantity of United States currency was also recovered from EDWARDS at that time.

9.     Upon executing the search warrant at 1312 Evert Avenue, the following items were seized:

4

- One freezer size Ziploc bag containing suspected heroin which field tested positive for heroin;
- One large corner bag with tan powder chunks containing suspected heroin which field tested positive for heroin;
- One silver digital scale and one black digital scale;
- Two opened boxes of flip top sandwich bags;
- One stolen Smith and Wesson Model 5908 9mm semi-automatic handgun bearing Serial Number TCR2012 and magazine.

10.  Upon executing the search warrant at 2714 Alexander Avenue, the following items were seized:

- A Taurus .22 magnum revolver bearing serial number NG47468;
- Five .22 caliber rounds of ammunition;
- One loaded Raven Arms MP-25 25 semi-automatic handgun bearing serial number 1654730 and a magazine;
- Six .25 caliber rounds of ammunition;
- Documents bearing the name Elbrendel Edwards;
- Opened and unopened bags containing dust protective masks.

11.  EDWARDS was advised of his rights pursuant to *Miranda*, and after agreeing to waive those rights, advised law enforcement that he has been selling heroin and cocaine for approximately one year.

12.  EDWARDS advised that he had been purchasing approximately one kilogram of cocaine and one-half kilogram of heroin each month for the past year, and that he mainly sells his heroin and cocaine to users.

13.  When asked about the 9 mm firearm, EDWARDS stated that he had traded heroin for the gun approximately two years ago. When asked about the items that were found inside the Alexander Avenue residence, EDWARDS stated that there were two guns: a .22 caliber and a .25 caliber. He stated he had traded some "items" and/or $50.00 for these firearms.

14.  A number of individuals were interviewed during the course of this investigation who advised that they had been purchasing heroin from EDWARDS in varying quantities ranging from half-gram quantities for $60.00, to eight-ball quantities (3.5) grams for $350.00, to quarter ounce (7 gram) quantities for $700.00.

15.  In addition, a search warrant was executed on EDWARDS's cellular telephone which showed thousands of text messages discussing heroin and cocaine sales.

16.  Law enforcement was aware of the information that EDWARDS had provided in his post-*Miranda* interview regarding his cocaine and heroin trafficking activities; however, the information EDWARDS provided was corroborated through interviews of multiple

individuals who acknowledged having been supplied with heroin by EDWARDS as either a sub-dealer or as a customer.

17. The parties stipulate and agree that for purposes of relevant conduct, the government['s] evidence would be that multiple heroin overdoses from the heroin that EDWARDS sold to his customers.

18. The parties further stipulate and agree that each of the three firearms referenced in Count Three of the Criminal Indictment is a firearm within the meaning of the law in that each is designed to expel a projectile by means of an explosive. The parties further agree that the firearms and assorted ammunition were manufactured outside of the Commonwealth of Virginia, and as such, had traveled in interstate and/or foreign commerce.

19. EDWARDS was previously convicted of a crime punishable by a term of incarceration exceeding one year (a felony) prior to April 18, 2016, and his right to possess firearms or ammunition had not been restored.

20. For purposes of relevant conduct, the parties stipulate and agree that EDWARDS distributed and/or possessed with the intent to distribute approximately 12 kilograms of cocaine and 6 kilograms of heroin in the one year period of time preceding April 18, 2016.

21. Laboratory analyses determined that the narcotics seized from EDWARDS's residence on April 18, 2016 had a net weight of more than 500 grams, and was a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and that the 34 plastic bags recovered from EDWARDS's person contained a total of 6.7 grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II controlled substance.

(Statement of Facts ¶¶ 1–21, ECF No. 15.)

**B. Sentencing**

Prior to sentencing, a Presentence Report ("PSR") was prepared. (ECF No. 19.)

Edwards's Base Offense Level under Chapter Two of the United States Sentencing

Guidelines ("USSG") was 43, because "death or serious bodily injury resulted from the

use of the substance [distributed,] and [Edwards] committed the instant offense after one

or more prior convictions for similar offenses." (PSR ¶ 17.) Edwards received a two-

level enhancement for possession of a firearm, for an adjusted offense level of 45. (Id.

¶¶ 18, 22.) Edwards also qualified for an Armed Career Criminal Act ("ACCA")

enhancement because he had at least three prior felony drug offenses. (*See id.* ¶¶ 23, 32–34, 45.) However, this enhancement resulted in the same offense level of 45. (*Id.* ¶ 23.) With a three-level deduction for acceptance of responsibility, Edwards's total offense level was 42. (*Id.* ¶ 26.) Edwards qualified for a criminal history score of VI based solely on his many criminal convictions. (*Id.* ¶¶ 44, 45.) Edwards's sentencing guidelines range was 360 months to life imprisonment, with a statutory restrictive range of a minimum of five years to a maximum of forty years of imprisonment for Count Two, and a minimum of fifteen years of imprisonment to a maximum of life imprisonment on Count Three. (*Id.* at 20.) On November 1, 2016, the Court entered judgment against Edwards and sentenced him to 360 months of imprisonment on each count, to be served concurrently, which was the exact sentence set forth in the Plea Agreement. (J. 2, ECF No. 25; *see* Plea Agreement ¶ 5.) Edwards filed no appeal.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

### A.    Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by Edwards that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . .

8

carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (alteration in original) (internal quotation marks and citations omitted). Accordingly, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

## B.     Pre-Guilty Plea Claims

The majority of Edwards's claims are terse, vague and conclusory, provide no supporting factual allegations, and fail to establish any ineffective assistance of counsel. In Claim One, Edwards simply states that "[c]ounsel [was] ineffective for not challenging the Government's case in an adversarial meaningful testing" and cites *Strickland.* (§ 2255 Mot. 4.) Similarly, in Claim Eight, Edwards claims that counsel was "ineffective for not protecting [his] overall rights to the Constitution of his 4th, 5th, 6th, 8th, 13th, and 14th Amendment rights that are and were placed in jeopardy." (*Id.* at 5 (citation omitted).) Edwards provides no supporting factual allegations or argument specific to these claims. Edwards terse and conclusory claims fail to establish any deficient performance of counsel or resulting prejudice under *Strickland. See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"); *United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013) (citation omitted) (internal quotation

9

marks omitted) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court"). Accordingly, Claims One and Eight will be dismissed.

In Claim Five, Edwards argues that "[c]ounsel [was] ineffective for not protecting [his] 4th Amendment right to the Constitution [in] that the procedure for Indictment was defective" because "there exist[ed] no true bill of Indictment, information supported by oath or affirmation and that no probable cause hearing was held before a magistrate or judge to procure a true bill of Indictment." (§ 2255 Mot. 5.) Edwards is simply incorrect. Although he was initially charged by a Criminal Complaint, and then by an Amended Criminal Complaint, on May 17, 2016 the grand jury returned an Indictment charging Edwards with Counts One through Three. (ECF Nos. 1, 3, 8.) Because Edwards was clearly charged by an Indictment, counsel cannot be faulted for failing to raise this meritless challenge. Accordingly, Claim Five will be dismissed.[4]

In Claim Six, Edwards vaguely suggests that "[c]ounsel['s] fail[ed] to familiarize herself with the case, review, investigate facts concerning case, or review police, lab reports and forensic evidence [of] drugs in conjunction with the crime." (§ 2255 Mot. 5.) Edwards fails to identify with the requisite specificity what facts counsel failed to "familiarize herself with," (id.) and fails to proffer what investigation counsel failed to undertake, or how any specific report that counsel failed to obtain or review had any

---

[4] The tenor of Edwards's § 2255 Motion takes issue with the finding that he was an Armed Career Criminal and subject to an enhanced sentence on Count Three. Although Edwards does not explicitly make the argument that his Indictment was defective because it failed to charge the ACCA violation, even if he had, that argument lacks merit, because the fact of a prior conviction need not be charged in the indictment in order to enhance a sentence. *See United States v. Cheek*, 415 F.3d 349, 352 (4th Cir. 2005).

bearing on his decision to plead guilty. *See Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (observing that petitioner's failure to allege "what an adequate investigation would have revealed" was fatal to his ineffective assistance of counsel claim); *Hill*, 474 U.S. at 59. Edwards's vague claim establishes no deficiency of counsel and no resulting prejudice. Thus, Claim Six will be dismissed.

## C.      Sentencing-Related Claims

Claims Two, Three, Four, and Nine all appear to fault counsel for failing to challenge the finding that Edwards qualified for an enhanced sentence under the ACCA. In Claims Three, Four, and Nine, Edwards vaguely suggests that counsel should have challenged his predicate offenses for the ACCA enhancement; however, he fails to suggest any ground, much less a viable ground, upon which counsel could have raised such a challenge. For this reason alone, Claims Three, Four, and Nine fail to state a claim of ineffective assistance of counsel and can be dismissed.

To the extent that Edwards believes that he lacked the requisite predicate offenses for the ACCA enhancement, and faults counsel for failing to challenge his sentence on this ground, counsel cannot be faulted for failing to advance this meritless objection. At the time that Edwards was sentenced, the ACCA provided that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). As relevant here, a "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent

11

to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The PSR identified at least three previous convictions for serious drug offenses: (1) 2006 conviction(s) in New York for Criminal Possession of a Controlled Substance, 3rd Degree: Narcotic Drug with Intent to Sell and Criminal Sale of a Controlled Substance; 3rd Degree: Narcotic Drug; (2) a second 2006 conviction in New York for Criminal Sale of Controlled Substance in the 5th Degree; (3) and a third 2006 conviction in New York for Criminal Possession of Controlled Substance in the 3rd Degree, Narcotic Drug With Intent to Sell. (PSR ¶¶ 32–34.) Edwards fails to identify on what ground counsel could have challenged any of the three convictions' qualification under the ACCA as serious drug offenses. Thus, Edwards fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claims Three, Four, and Nine will be dismissed.[5]

In Claim Two, Edwards appears to fault counsel for failing to challenge his ACCA sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[6] However, *Johnson* has no applicability to Edwards's sentence. Edwards

---

[5] To the extent that Edwards faults counsel for not challenging any career offender enhancement under the United States Sentencing Guidelines ("USSG") § 4B1.1, it appears that challenge would also be meritless. Edwards was over 18, the instant offense was a felony drug offense, and he had two or more prior convictions for felony controlled substance offenses. *See* USSG § 4B1.1 & 4B1.2

[6] Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). At the time of Edwards's sentencing in 2016, the residual clause had already been invalidated by *Johnson*, which was decided in 2015.

received an ACCA enhancement based upon serious drug offenses not based on an offense that qualified under the residual clause. Thus, counsel cannot be faulted for failing to raise a meritless objection to his sentence calculation. Claim Two lacks merit and will be dismissed.

In Claim Ten, Edwards faults counsel for "fail[ing] to produce expert drug analysis witness in conjunction with sentencing phase of the court proceedings to protect Petitioner against harsher sentence about quantity and quality of drugs." (§ 2255 Mot. 5.) Again, Edwards fails to proffer what an "expert drug analysis witness" would have testified to that would have "protect[ed him] against [a] harsher sentence." *Id.*; *see Bassette*, 915 F.2d 940–41; *see also Sanders*, 373 U.S. at 19. Moreover, Edwards's sentence for Count Two was not enhanced based upon drug weight, but rather, was driven by two Chapter 2 enhancements because "death or serious bodily injury resulted from the use of the substance and the defendant committed the instant offense after one or more prior convictions for similar offenses" under USSG § 2D1.1(a)(1), and because he possessed a firearm under USSG 2D1.1(b)(1). (*See* PSR ¶¶ 17, 18.) Edwards fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claim Ten lacks merit and will be dismissed.

### D.    Cumulative Error

In Claim Seven, Edwards contends that "[c]ounsel [was] ineffective for having too many cumulative errors." (§ 2255 Mot. 5.) Edwards's claims of ineffective assistance of counsel all lacked merit individually. Counsel's "acts or omissions 'that are not unconstitutional individually cannot be added together to create a constitutional

violation.'" *Fisher v. Angelone*,163 F.3d 835, 853 (4th Cir. 1998) (quoting *Wainright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996)). Accordingly, Claim Seven will be dismissed.

## III. CONCLUSION

For the foregoing reasons, Edwards's § 2255 Motion (ECF No. 27) will be denied. The Order to Show Cause (ECF No. 33) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: **Nov. 27, 2018**
Richmond, Virginia